UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - x
                                             :
JAY MITCHELL BAUMAN, M.D., P.C.,             :
and JAY MITCHELL BAUMAN, individually,       :

                    Plaintiffs,              :    **MEMORANDUM DECISION**

          -against-                          :    05 Civ. 7126 (DC)

MOUNT SINAI HOSPITAL, MICHAEL L.             :
BRODMAN, M.D., BURTON DRAYER, M.D.,
PETER RUBIN, M.D., BARRY BROWN, M.D.,        :
FRANK CALAPARI, M.D., ANNA BARBIERI,
M.D., REBECCA AMARU, M.D., CYNTHIA R.        :
ALLEN, C.P.C.S., and JOHN and/or JANE
DOE 1-10,                                    :

                                             :
                    Defendants.              :

- - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/11
```

**APPEARANCES:**   TUCKNER, SIPSER, WEINSTOCK & SIPSER, LLP
                   Attorneys for Plaintiffs
                        By:  William J. Sipser, Esq.
                   120 Broadway, 18th Floor
                   New York, NY  10271

                   EDWARDS ANGELL PALMER & DODGE LLP
                   Attorneys for Defendants
                        By:  David R. Marshall, Esq.
                             Rachel B. Jacobson, Esq.
                   750 Lexington Avenue
                   New York, NY  10022

**CHIN, Circuit Judge**

Plaintiff Jay Mitchell Bauman, M.D., individually and on behalf of the professional corporation of which he is the sole member, brought this actions against defendant Mount Sinai Hospital (the "Hospital"), members of its staff, and affiliated

physicians asserting claims under the Health Care Quality Improvement Act of 1986 ("HCQIA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO") as well as state common law claims of fraud. On September 29, 2006, I granted defendants' motion to dismiss the amended complaint, see Bauman v. Mount Sinai Hosp., 452 F. Supp. 2d 490 (S.D.N.Y. 2006), and judgment was entered dismissing the action "with prejudice." (Marshall Decl., Ex. E).

Plaintiff did not appeal. Instead, nearly a year and a half later, Bauman commenced an action in state court against two of the defendants, based on the same essential facts, but asserting claims of religious discrimination under the New York City Administrative Code, §§ 8-107 et seq. (Marshall Decl., Ex. F). This apparently was the fourth judicial or administrative proceeding brought by Bauman challenging the suspension and termination of his hospital privileges. (Def. Mem. at 2).

The Supreme Court of the State of New York, New York County, dismissed the state action on res judicata grounds, finding that it was barred by the judgment in the instant federal action. (Marshall Decl., Ex. G). The Appellate Division, First Department, however, reversed, in an order entered April 15, 2010. (Id., Ex. H).

Defendants filed this motion under the All Writs Act, 28 U.S.C. § 1651(a), seeking to enjoin Bauman from moving forward with his state court action, on the grounds it would undermine the judgment of dismissal entered in this case.

The motion is denied.  First, Bauman only asserted fraud claims in his amended complaint here, under HCQIA, RICO, and state common law.  He did not assert any claims of discrimination at all, much less under the New York City Administrative Code.  The judgment entered in this case did not dispose of any claims for religious discrimination.  Second, while it seems to me that defendants have a reasonable basis for arguing res judicata or collateral estoppel, that argument is not for this Court to address.  The preclusive effect of this Court's judgment on Bauman's discrimination claims under city law filed in state court is a matter for the state courts to consider. Third, defendants are essentially asking this Court to review the ruling of the First Department.  They argue, for example, that the First Department erred when it reinstated the state action, ignoring controlling federal precedent in doing so.  (Def. Mem. at 7).  But this is an argument that defendants could only make to the New York State Court of Appeals or eventually to the Supreme Court of the United States.  See Parsons Steel, Inc. v.

-3-

First Ala. Bank, 474 U.S. 518, 525 (1986) ("Challenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from this Court." (citation omitted)). Finally, even assuming I somehow have the authority to review the First Department's decision, I decline to exercise that authority in the circumstances here.

### CONCLUSION

Accordingly, defendants' motion for an injunction under the All Writs Act enjoining Bauman from prosecuting his state court action is denied.

SO ORDERED.

Dated:  New York, New York
        September 30, 2011

```
                                  _____
                                  DENNY CHIN
                                  United States Circuit Judge
                                  Sitting By Designation
```